**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DONALD W. BUTLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:15-CV-2114-M-BH** |
| | ) | |
| **STEVE DYE, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this pro se case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed for failure to prosecute or follow court orders.

**I. BACKGROUND**

On June 22, 2015, the plaintiff filed this *pro se* civil rights suit in United States District Court for the Northern District of New York against two police officers in Grand Prairie, Texas, and he moved for leave to proceed *in forma pauperis* (IFP). (docs. 1,2.) On June 23, 2015, the Court granted the IFP motion only for purposes of its order transferring the case to the Northern District of Texas. (doc. 3.) After the transfer, by *Notice of Deficiency and Order* dated June 24, 2015, the plaintiff was notified that the IFP form he had used did not provide enough information for a determination of whether IFP status was appropriate. (doc. 7.) Attached to the order was a copy of the appropriate form IFP application. *See id.* The order specifically advised the plaintiff that he must file his IFP application within fourteen days, and that a failure to do so could result in the dismissal of his case. *Id.* The order also provided that the plaintiff must immediately advise the Court of any change in address, and that a failure to do so could result in the dismissal of his case. *Id.* More than fourteen days from the date of the order have passed, but the plaintiff has not filed an IFP application on the

appropriate form, or filed anything else in this case. In addition, the orders sent to him from this district have now been returned as undeliverable. (docs. 8, 9.)

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By order dated June 24, 2015, the plaintiff was given fourteen days to provide an IFP application on the appropriate form. (doc. 7.) He was specifically warned that failure to do so would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed. In addition, he failed to keep the Court apprised of his address despite a warning that a failure to do so could result in dismissal of the case, and all mailings from this district have been returned as undeliverable. Because he failed to comply with an order that he provide additional financial information, he has not filed anything else since that order, all mailings from this district have been returned as undeliverable, and he not otherwise shown that he intends to proceed with his case, it should be dismissed without prejudice for failure to prosecute or follow an orders of the court.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless the plaintiff files his IFP application on the appropriate form within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 16th day of July, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE